Opinion issued November 6, 2003 














In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00721-CR




 FRANCISCO RAMOS CARBAJAL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
 Harris County, Texas
Trial Court Cause No. 875488




MEMORANDUM OPINION

          In return for the State’s abandoning two punishment enhancement allegations,
appellant, Francisco Ramos Carbajal, pleaded guilty without an agreed
recommendation to the offense of burglary of a habitation. See Tex. Pen. Code Ann.
§ 30.02 (Vernon 2003). The trial court found appellant guilty and assessed
punishment at 15 years in prison. We determine (1) whether appellant may challenge
the sufficiency of the evidence when he entered a plea of guilty, (2) whether
appellant’s trial counsel was ineffective, and (3) whether appellant’s right against
double jeopardy was violated. We affirm.
Anders Brief

          Appellant’s counsel has filed a motion to withdraw from appellant’s
representation on appeal, stating his conclusion that a thorough and complete review
of the record has revealed no arguable grounds of error. The brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record and stating why counsel believes
that there are no arguable grounds of error on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). 
          Counsel advised appellant of his evaluation and informed him of his right to
file a pro se response. Appellant has filed a brief.
Facts
          On March 21, 2001, the trial court entered a protective order against appellant,
preventing appellant from committing violence against Marbella Valdivia. On April
15, 2001, while the protective order was in effect, appellant entered Valdivia’s home
and assaulted her. Appellant was arrested and indicted for burglary of a habitation.
Sufficiency of the Evidence
          In point of error six, appellant contends that the evidence is legally and
factually insufficient to support his conviction for burglary of a habitation. 
          When a defendant voluntarily enters a plea of guilty, he waives any right to
challenge the legal or factual sufficiency of the evidence on appeal. See Keller v.
State, No. 01-02-00036-CR, slip op. at 7 (Tex. App.—Houston [1st Dist.] Oct. 23,
2003) (designated for publication).
          We overrule point of error six.
Ineffective Assistance of Counsel
          In points of error one through four, appellant contends that he was denied
effective assistance of counsel at trial because his trial counsel failed (1) to suppress
evidence and to interview witnesses properly; (2) to be present when the prosecutor
allegedly threatened appellant; (3) to file a motion for discovery; and (4) to file a
motion to quash the indictment. 
          The standard for evaluating claims of ineffective assistance of counsel is set
out in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69
(1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Appellant must show that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687-96, 104 S. Ct. 
at 2064-69; Thompson, 9 S.W.3d at 812.
          The defendant must prove ineffective assistance of counsel by a preponderance
of the evidence, overcoming the presumption that the challenged action might have
been sound trial strategy. Thompson, 9 S.W.3d at 813. We will normally not
speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). A showing of deficient performance by counsel must
affirmatively appear in the record. Thompson, 9 S.W.3d at 812-13. 
A.      Failure to Suppress Evidence and to Interview Witnesses Properly
          First, appellant maintains that his trial counsel provided ineffective assistance
by failing to suppress detrimental evidence, to investigate the case adequately, and
to interview witnesses sufficiently. Appellant states in his brief that his counsel failed
to put on any of his witnesses or to tell him that he would be judged by the court. 
          Appellant does not tell us what detrimental evidence, if any, his trial counsel
failed to suppress or the basis for suppression of this alleged evidence. With respect
to his claims that his counsel should have investigated more thoroughly and
interviewed favorable witnesses, appellant points us to the notarized statement of
Juan Cerda, attached to appellant’s brief, which statement acknowledges that
appellant lived at Valdivia’s house at the time that appellant violated the protective
order. Because this statement is not part of the record, we may not consider it on
appeal. See Short v. State, 658 S.W.2d 250, 255 (Tex. App.—Houston [1st Dist.]
1983), aff’d, 671 S.W.2d 888 (Tex. Crim. App. 1984). Thus, appellant has failed to
show which, if any, witnesses his counsel should have interviewed or how their
testimony would have benefitted his case. We cannot say that trial counsel’s
performance fell below an objective standard of reasonableness for failure to suppress
evidence or to interview witnesses properly. See Thompson, 9 S.W.3d at 812-13. 
B.      Failure to Be Present When Prosecutor Threatened Appellant
          Appellant next complains that trial counsel should have been present, but was
not present, when the prosecutor threatened appellant. Nothing in the record supports
appellant’s claim, made for the first time in his brief, that this happened. Allegations
of ineffective assistance of counsel cannot be considered unless firmly founded on
the record. See Thompson, 9 S.W.3d at 813.
C.      Failure to File Motion for Discovery
          Appellant also complains that his trial counsel provided ineffective assistance
by failing to file a motion for discovery. 
          The record reflects that, on August 31, 2001, appellant’s first attorney of
record, Steve Abramowitz, filed a motion for discovery that was never ruled on by the
trial court. On August 22, 2001, however, the trial court had entered a discovery
order that disposed of all previously filed discovery motions. This August 22 order
was in effect when the trial court granted appellant’s motion for substitution of
counsel on March 1, 2002. Because there was a discovery order in effect when
appellant’s second attorney, Ray Matthews, was substituted into the case, and because
appellant does not point out any deficiencies in the order or any discovery his second
attorney did not make, we cannot say that Matthews was ineffective for not filing an
additional motion for discovery. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996) (stating that appellant must prove that his counsel’s representation
“fell below the standard of prevailing professional norms”), overruled on other
grounds, Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).
D.      Failure to File Motion to Quash
          Appellant next argues that his trial counsel provided ineffective assistance by
failing to file a motion to quash his indictment. Appellant has not presented any
reason why his counsel should have filed a motion to quash the indictment or any
argument that the indictment was defective. See Tex. R. App. P. 38.1(h) (requiring
appellant to present argument and authorities to support his contentions). 
E.      Conclusion
          Nothing in the record indicates trial counsel’s reasons for any of the above
complained-of actions or inactions. Holding trial counsel ineffective on this record
would thus call for speculation, which we decline to do. See Gamble, 916 S.W.2d at
93. 
           We overrule points of error one through four.
Double Jeopardy
          In point of error five, appellant contends that his right against double jeopardy 
was violated because he was charged with the offenses of violation of a protective
order and burglary of a habitation after he had been convicted of violating the same
protective order on April 19, 2001. We construe appellant’s argument to mean that
any prosecution on the charge of violation of the protective order was barred by
double-jeopardy prohibitions because such prosecution threatened a second
punishment for the same act. 
          The charge of violation of a protective order was dismissed. Therefore, the
record does not support appellant’s allegation that he was tried twice for violating the
same protective order. 
          We overrule point of error five.
 
Conclusion
          We have also carefully discharged our responsibility upon the filing of an
Anders brief to search the record for possible reversible error, but have found none.
          We affirm the trial court’s judgment.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).
 




                                                             Tim Taft, 
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks. 

Do not publish. Tex. R. App. P. 47.2(b).